# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GONZALEZ, et al.,<br><br>　　　　Plaintiff,<br>　vs.<br><br>JP MORGAN CHASE BANK, et al.,<br><br>　　　　Defendant. | CASE NO. 12cv2474-LAB (MDD)<br><br>**ORDER OF DISMISSAL; AND**<br><br>**ORDER REQUIRING PLAINTIFFS' COUNSEL TO NOTIFY PLAINTIFFS OF DISMISSAL** |

On October 11, 2012, Defendant JP Morgan Chase Bank removed this action from state court. The notice of removal stated that JP Morgan had been served but, to JP Morgan's knowledge, no other Defendant had been. Then a week later, JP Morgan moved to dismiss the complaint in its entirety without leave to amend. The hearing date for the motion, given in the notice, was January 22, 2013. Along with the motion, JP Morgan filed proof of service, showing that Plaintiffs' counsel had been served by mail at the address he gave in the complaint.

Under Civil Local Rule 7.1(e)(2), Plaintiffs' opposition was due January 8, 2013. Plaintiffs, however, filed no opposition when due. JP Morgan on January 15 filed a notice pointing this out, and then on January 16 filed proof of service showing that Plaintiffs' counsel had been served by mail. Under Civil Local Rule 7.1(f)(3)(c), failure to file an opposition when due can constitute consent to the motion's being granted.

/ / /

**Whether Plaintiffs Had Adequate Notice**

Public policy in general favors decisions on the merits rather than judgments as a result of default. *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (2010). Of particular concern here is whether Plaintiffs' counsel had notice of the motion to dismiss.

A review of the record shows that Plaintiffs' counsel Joseph Sclafani was notified several times that this case was pending in federal court, yet he did not register for CM/ECF as required under local rules. Therefore, he did not receive electronic notices of filings, and his only notice of filings would have been mailings from court personnel or opposing counsel. He of course is under a duty to make sure the Court has his correct current address and to monitor the progress of his cases. *See In re Phenylpropanolamine (PPA)*, 318 Fed.Appx. 451, 453 (9th Cir. 2008) (affirming district court's denial of Rule 60 motion as untimely, where counsel failed to ensure that the court had the correct counsel listing and address, and failed to monitor the electronic docket).

The notice of motion to dismiss also shows JP Morgan's counsel on October 18, 2012 received "an incomplete notice of Plaintiffs' substitution of counsel." (Notice at 3:2–3.) This was well after the removal date, however, and no motion for substitution of counsel, notice of substitution of counsel, notice of appearance of counsel, or any similar document was ever filed or submitted for filing in this Court. An attorney seeking leave from the state court to substitute in as counsel would have learned the case had been removed. The notice also represents that JP Morgan's counsel called Plaintiffs' putative new attorney's office and left a message with an assistant notifying him of the case's removal, and of JP Morgan's intent to file a motion to dismiss. And, it bears noting, if this putative new counsel believed he had been substituted in, he was under an obligation to make sure the Court had his contact information and to monitor the docket. *See In re Phenylpropanolamine*, 318 Fed.Appx. at 453.

/ / /

/ / /

Although Plaintiffs' counsel never appeared in this case after removal, the record makes clear he either knows about the notice of removal and consents to its being granted, or has abandoned this case.

Mr. Sclafani's California state bar number as given in the complaint is 134026. His listing in the California state bar website gives a different business address than the one he used in the complaint. That listing also shows Mr. Sclafani has disciplinary charges pending for filing and abandoning a case similar to this one. He filed a response to those charges on November 30, 2012, and gave yet a different business address. It is unknown which of the three business address are accurate and current, or whether all are.

**Jurisdiction**

The Court is under a continuing obligation to confirm its own jurisdiction, *sua sponte* if necessary, and this is particularly true in removed cases. *See Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir.1998). JP Morgan removed on the basis of diversity jurisdiction. The notice of removal properly pleads an amount in controversy above the jurisdictional threshold. Both Plaintiffs are alleged to be California citizens, and all Defendants are alleged to be citizens of states other than California.

The only flaw in the pleading appears to be JP Morgan's contention that one Defendant, the Helfling Law Firm "is a North Carolina company with its main headquarters in North Carolina." (Notice of Removal, 3:13–16.) This echoes the complaint's error. (*See* Compl., ¶ 5 (alleging that the Helfing Law Firm is a "North Carolina Corporation").) For purposes of the diversity statute, the citizenship of a PLLC (or any other entity except a corporation) is determined by the citizenship of its owners and members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, the Helfling Law Firm is a citizen of the state(s) of which its members are citizens. Fortunately for JP Morgan, a search of the North Carolina bar's website, and the North Carolina secretary of state's business names database shows there is only one Helfling Law Firm in North Carolina.  That firm's website  shows its members are two attorneys,  both of whom

/ / /

appear to be North Carolina citizens.[1] The Court is therefore satisfied that it can exercise jurisdiction over this action.

**Conclusion and Order**

Pursuant to Civil Local Rule 7.1(e)(2), the Court construes Plaintiffs' failure to file an opposition to JP Morgan's motion to dismiss as consent to the motion's being granted. JP Morgan's request for judicial notice of certain public records, and of certain documents relied on by the complaint, is **GRANTED**, and the motion to dismiss is likewise **GRANTED**. The complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. All pending dates are vacated.

The Clerk shall mail a copy of this order to Joseph Sclafani, Esq. state bar number 134026, at the address given for him in the docket, as well as the following two addresses:

   Law Office of Joseph Sclafani
   12625 Frederick St #I5-170
   Moreno Valley, CA 92553

    and

   Law Office of Joseph Sclafani
   12981 Perris Blvd. Suite 114
   Moreno Valley, CA 92553.

Mr. Sclafani is **ORDERED** to send a copy of this order to his clients Rafael Gonzalez and Leticia Gonzalez promptly after he receives it, and in no case later than January 31, 2013. No later than February 4, 2013, he must file a declaration showing that he complied with this order.

**IT IS SO ORDERED**.

DATED:  January 17, 2013

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] The firm's website is located at www.helfinglaw.com. One of the two attorneys, Ken Helfing, is admitted in California but his own website and the California bar listing show he lives in North Carolina.