# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GONZALEZ, et al., <br><br> Plaintiff, <br> vs. <br><br> JP MORGAN CHASE BANK, et al., <br><br> Defendant. | CASE NO. 12cv2474-LAB (MDD) <br><br> **ORDER STRIKING FILED DOCUMENTS; AND** <br><br> **ORDER REQUIRING REFILING** |

On February 20, the Court issued an order requiring Plaintiffs to take several actions. Plaintiffs' counsel was required to file a motion substituting out Joseph Sclafani, Esq., who he represented had abandoned Plaintiffs. Plaintiffs' counsel was also required to supplement his briefing on his motion for leave to amend, by filing a copy of the state court docket for this action. Plaintiffs were also ordered to show cause why all Defendants other than JP Morgan Chase Bank should not be dismissed, for failure to serve.

Plaintiff's counsel attempted to respond to the Court's order, but did not do so correctly. To begin with, all documents were filed in a single docket entry, styled "Motion for Order to Show Cause for extension of time to serve defendants and substitute attorney." (Docket no. 16.) Two different motions are filed together in this one docket entry. In addition, The notice of motion says the motions to be heard on that day are the motion for leave to

/ / /

amend, and the motion for extension of time to serve Defendants.[1] In effect, this gives him a month and three weeks before his request for extension of time would even be heard.

The Court also notes that while Plaintiff did supplement the record by filing a state court docket, that docket is for a completely different case, *Leticia Gonzalez v. Ross Dress for Less, Inc.*, which was dismissed before this case was filed. That printout is followed, for reasons that are not clear, by a printout of the notice of removal, which has already been filed in the docket. Plaintiff must supplement the briefing on his motion to dismiss by filing a printout of the state court docket in this case. (All that is required is the docket printout, not a printout of all documents filed.) The reason the Court is requiring the filing of this document is to confirm Plaintiffs' counsel's statements, including his representations that he filed a substitution of counsel, and that did not have notice this case had been removed.

Finally, the substitution of counsel is included as a section in the larger motion. Plaintiffs' counsel should instead have filed a separate request signed by both Plaintiffs and himself, and served on Plaintiffs' former attorney. *See* Civil Local Rule 83.3(g)(2).

Because the filed documents are in improper format and in violation of rules, and are unresponsive to the Court's February 20 order, they are ordered **STRICKEN**, and the Clerk shall remove them from the docket. Plaintiff's counsel is **ORDERED** to refile them no later than **noon on March 14, 2013,** correcting the errors this order has identified. If he has questions about how to accomplish electronic filing, he should consult this District's CM/ECF Policies and Procedures manual, available online at the Court's website, or contact the CM/ECF helpline.

**IT IS SO ORDERED**.

DATED: March 8, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Plaintiff did obtain a hearing date of April 22 from the Court, but that hearing date was for the motion for leave to amend. Plaintiff could properly give the same hearing date when supplementing the briefing on that motion, as he was ordered to do. But he was not free to schedule another motion for that day. *See* Civil Local Rule 7.1(b).