# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GONZALEZ, et al.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, et al.,<br><br>　　　　　　Defendant. | CASE NO. 12cv2474-LAB (MDD)<br><br>**ORDER APPROVING SUBSTITUTION OF ATTORNEY; AND**<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME FOR SERVICE ON DEFENDANT KRISTY SUKEL;**<br><br>**ORDER DISMISSING DEFENDANT KRISTY SUKEL; AND**<br><br>**ORDER DIRECTING ENTRY OF DEFAULT**<br><br>**[Docket nos. 18, 19.]** |

On February 20, the Court issued an order requiring Plaintiffs' counsel Blake Wilson, Esq. to substitute in in place of Joseph Sclafani, Esq., who has apparently abandoned his clients. The same order required Plaintiffs to show cause why their claims against three Defendants other than JP Morgan Chase Bank should not be dismissed for failure to serve.

After the Court extended the time for these actions to be taken, Mr. Wilson on March 14 filed a motion for substitution of counsel. That motion is **GRANTED**. Blake Wilson is now Plaintiffs' sole counsel of record, and Joseph Sclafani is terminated as their counsel. The Clerk shall amend the docket to reflect this.

Plaintiffs also filed an *ex parte* motion for extension of time to serve Defendant Kristy Sukel. The motion shows that Plaintiffs served Defendant Schmidt Mortgage Corporation on October 2, 2012 and Defendant The Helfing Law Firm, PLLC on October 3. No affidavit of service for Defendant Kristy Sukel is attached, however. Instead, Plaintiffs' counsel says he thought serving her employer The Helfing Law Firm would suffice.

Under Fed. R. Civ. P. 4(m), if a defendant is not served within 120 days after the complaint is filed, the Court must either dismiss the action without prejudice as to that Defendant, or else order that service be made within a specified time. Under that same provision, if the plaintiff shows good cause for failure to serve within the time limit, the Court must extend the time for service.

Because Defendants were served with process before this action was removed from California state court, California service of process rules were the only ones applicable. In California, with exceptions not applicable here, individuals are served by delivering copies of the summons and complaint to them personally, or to someone authorized by law to accept service on their behalf. Cal. Civ. Proc. Code § 416.90. Plaintiffs' motion shows that the summons and complaint were never delivered to Kristy Sukel.  Substitute service is possible, but only after personal service has been attempted, *see American Exp. Centurion Bank v. Zara*, 199 Cal.App.4th 383, 389 (Cal. App. 6 Dist. 2011), which did not happen here.

Under Fed. R. Civ. P. 4(e)(1), which applied after removal, service could also be accomplished by following the law of North Carolina, where The Helfing Law Firm is located, and where Ms. Sukel allegedly lives. Under North Carolina's rules, an individual can be served either personally, by service on an agent, by registered or certified mail, by using a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2), or by a combination of personal delivery and U.S. mail. N.C. R. Civ. P.4(j)(1). None of these procedures was followed here.

Plaintiffs could also have served Ms. Sukel (after removal) using one of the methods set forth in Fed. R. Civ. P. 4(e)(2), but they did not do so.

/ / /

Plaintiffs' motion expresses the belief that service on The Helfing Law Firm would have sufficed, if she were employed there. Instead, they discovered she no longer works there. But the motion and exhibit suggest Plaintiffs served one summons and complaint on The Helfing Law firm, not two (one set for the firm and one for her).  Service on a fellow Defendant doesn't suffice under any of these provisions. Likewise, none of these provisions allow service on an individual by delivering the summons and complaint to that person's employer or former employer.

Plaintiffs, citing *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997), argue the Court ought to to consider the factors mentioned there and to hold their neglect was excusable. In fact, the Court may — but is not required to — consider factors such as those set forth in *Briones,* which is a non-exclusive list. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (noting district courts' "broad discretion to extend time for service under Rule 4(m)" and holding that a district court "may" consider certain enumerated factors).

Considering the factors mentioned in *Briones*, and the circumstances as a whole, the Court finds failure to serve Kristy Sukel was not the result of excusable neglect, and they have not shown good cause for it. Procedural rules, such as rules for service of process, can sometimes be difficult to discern or apply. But in this case, the failure to serve was clear.  It wasn't reasonable for Plaintiffs' counsel to believe Kristy Sukel had been served. Furthermore, her absence from this case, like the absence of the other two Defendants (besides JP Morgan) has been obvious. Finally, even after being put on notice on February 20 of the need to provide proof of service, Plaintiffs have allowed over three weeks to pass, apparently without making any effort to find or serve her.

The Court also considers the conduct of Plaintiffs and their counsel, as a whole. *See Washington v. Schwarzenegger*, 2009 WL: 4839944 at *7 (C.D.Cal., Dec. 14, 2009) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 382–83 (7th Cir. 1998)) (evaluating plaintiff's "conduct as a whole in this case" to determine whether he had shown good cause for failure to timely serve process). The record is replete with examples of their dilatory conduct. Much of this is attributable to Joseph Sclafani, Plaintiffs' former attorney whom the Court

1  reprimanded on March 4, 2013 (*see* Docket no. 14). But Blake Wilson, their current counsel,
2  says he has been representing them since August 30, 2012.  (Docket no. 19 at 1:22–23.)
3  Therefore some of the dilatory conduct occurred on his watch, even if Mr. Sclafani was also
4  responsible. This conduct included failure to monitor the docket and failure to oppose a
5  motion to dismiss. This has caused delay and unnecessarily imposed burdens on the Court
6  and on JP Morgan.

The Court therefore finds Plaintiffs' failure to serve Kristy Sukel was not excusable. All claims against here are **DISMISSED WITHOUT PREJUDICE**, and she is **DISMISSED AS A PARTY**.

Because it appears Plaintiff has satisfactorily served Defendants Schmidt Mortgage Corporation and The Helfing Law Firm, PLLC, and they have neither answered nor otherwise pleaded nor defended within the time permitted, the Clerk is directed to enter a default against these two Defendants, pursuant to Fed. R. Civ. P. 55(a).

**IT IS SO ORDERED**.

DATED: March 15, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge