1

2

3

4

5

6

7

8       **UNITED STATES DISTRICT COURT**

9       **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  RAFAEL GONZALEZ, et al., | CASE NO. 12cv2474-LAB (MDD) |
| 12                           Plaintiff, | **ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| 13       vs. | |
| 14  JP MORGAN CHASE BANK, et al., | **[Docket no. 11.]** |
| 15                           Defendant. | |

16

17        When Plaintiffs failed to respond to JP Morgan Chase Bank's motion to dismiss, the

18   Court granted the unopposed motion and directed Plaintiffs, if they wished to file an

19   amended complaint, to show cause for their failure to file an opposition.

20        Plaintiffs on February 15 filed a motion for leave to amend ("Motion to Amend").

21   (Docket no. 11.)  The Motion to Amend also seeks leave to add certain new claims, but

22   Plaintiffs don't need the Court's approval for that. If they are permitted to file an amended

23   complaint at all, it is up to them what claims to put in it.

24        Plaintiffs' counsel, Blake Wilson, says he was retained on October 18, 2012, that he

25   did not know the case had been removed from state court to this Court, and that he did not

26   receive mailed notice, because he was in the process of relocating to a new address.

27        Mr. Wilson's recent filings, however, undercut this. His motion for substitution of

28   counsel says he "began representing Plaintiffs on August 30, 2012." (Docket no. 19 at

1   1:22–23.) His "Motion for Extension of Time to Serve Defendant[ ]" (Docket no. 18),

2   purportedly with a hearing date of April 22,[1] attaches a copy of the state docket printout. That

3   printout shows the only attorney of record Plaintiffs had until removal was Joseph Sclafani.

4   Wilson wasn't added as counsel either on August 30, 2012 or October 18, 2012. Rather, he

5   simply made an appearance in this Court by filing a notice of change of address (Docket no.

6   10) on February 15, 2013, which he apparently intended to serve as a kind of notice of

7   substitution of counsel. The reason Wilson wasn't receiving mailed notices wasn't because

8   his address had changed, but because neither the state court nor this one knew he was

9   representing Plaintiffs. Until his February 15 filing, Wilson was, as far as the courts were

10  concerned, a stranger to this case.

11      The docket printout also shows a notice of removal was duly filed in the state court,

12  on October 12, 2012. Wilson therefore had notice this case had been removed. It isn't clear

13  what additional type of notice Wilson thinks he should have gotten, but the record shows

14  conclusively that he is responsible for allowing delays in this case.

15      Two factors weigh in favor of granting leave to amend, however. First, the Court

16  recognizes the strong policy in favor of decisions on the merits. *See, e.g., Eitel v. McCool*,

17  782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided on the merits whenever

18  possible.") That policy is embodied in Fed. R. Civ. P. 15(a)(2), which instructs courts to grant

19  leave to amend freely, when justice so requires. *See id.* (noting that policy favoring decisions

20  on the merits underlies Federal Rules of Civil Procedure).

21      Second, although the hearing date on the motion for leave to amend is Monday, April

22  22, 2013, Defendant has not filed any opposition. Failure to file an opposition when due can

23  constitute consent to its being granted. *See* Civil Local Rule 7.1(f)(3)(c). The Court construes

24  Defendant's non-opposition as consent.

25      The motion for leave to file an amended complaint is therefore **GRANTED**. The

26  amended complaint must not include claims against Defendant Kristy Sukel, who was

27

28      [1] Plaintiffs' counsel obtained the April 22 hearing date for the motion for leave to amend, but on his own initiative erroneously also used the same hearing date for the motion to substitute counsel. (*See* Docket no. 17 at 2 n.1.)

1  terminated as a Defendant on March 15, 2013. The amended complaint must be filed no

2  later than **Thursday, April 25, 2013.**

3         In view of past delays, Plaintiffs' counsel is reminded to be prompt. Failure to amend

4  within the time permitted will result in this action being dismissed without prejudice for failure

5  to prosecute.

6

7         **IT IS SO ORDERED**.

8  DATED:  April 17, 2013

9

10         **HONORABLE LARRY ALAN BURNS**
   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12cv2474